# Schmidt *v.* Philadelphia Rapid Transit Company, Appellant.

*Practice—Municipal Court of Philadelphia County — Action of one judge—New trial.*

Where a motion for a new trial has been granted by three judges of the Municipal Court of Philadelphia County assigned to hear such motions, a second order filed and signed by only one of the judges in the same term reinstating the motion and a final order of the court dismissing it, will not be reversed, if there is nothing to show that the judge who signed the order acted contrary to the wishes of the other two judges.

Argued Oct. 16, 1917. Appeal, No. 45, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., June T., 1916, No. 151, on verdict for plain-

102    SCHMIDT *v.* PHILA. R. T. CO., Appellant.

Statement of Facts—Opinion of the Court. [69 Pa. Superior Ct.
tiff in case of Francis Schmidt v. Philadelphia Rapid
Transit Company.   Before ORLADY, P. J., PORTER, HEN-
DERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.
Affirmed.

Trespass to recover damages for personal injuries.
Before CRANE, J.

The opinion of the Superior Court states the case.

*Error assigned* was the final order dismissing motion
for new trial.

*Sydney Young,* for appellant.—One judge of the ap-
pellate division of the Municipal Court had no authority
to reverse the findings of the appellate division of the
Municipal Court:  Com. v. Grow, 48 Pa. Superior Ct.
373;  Butts v. Armor, 164 Pa. 73.

*Chas. S. Wesley,* with him *J. W. McWilliams* and *J. A.
Abrams,* for appellee.—The order was proper:  Cronrath
v. Border, 27 Pa. Superior Ct. 15;  Fisher v. Hestonville,
Etc., Pass. Ry. Co., 185 Pa. 602;  King v. Brooks, 72 Pa.
363;  Lingenfelter v. Riddlesburg C. & T. Co., 84 Pa. 328;
Stauffer v. Reading, 206 Pa. 479.

OPINION BY TREXLER, J., March 2, 1918:
Plaintiff sought to recover damages for injuries al-
leged to have been received by him while alighting from
a car of the defendant company.   The case was tried in
the Municipal Court and on October 31, 1916, resulted
in a verdict for the plaintiff.   On November 2d there was
a motion for a new trial.   On November 17th the mo-
tion was granted by the three judges assigned to hear
such motions.   On November 23d during the same term
of court an order of the court was filed signed only by
one of the judges reinstating the motion for a new trial
"as if it had not been granted" and on December 13, 1916,
the motion for a new trial was dismissed.   It is con-

tended that three judges of the Municipal Court having considered the question and having granted a new trial, one judge cannot set such action aside.    We think, however, the order made by Judge CRANE is presumably the order of the court.    The petition was addressed to the Municipal Court.    No one would contend that all the judges must necessarily sign the order.    If any judge would in defiance of the wish of the majority of the judges of the court make an order in which they did not concur, the remedy would in the first instance lie with them, but the facts in this case do not present any situation of this kind.    There is nothing showing that Judge CRANE acted contrary to the wishes of his brethren.    His action in reinstating the order, if taken without consulting them, was ratified by the other judges; in fact, it is a fair inference from the record as presented that his order was made to carry out the wishes of the majority of the judges, rather than his own, for he himself upon the final action of the case did not concur in the refusal to grant a new trial.    In any aspect of the case we do not think there is anything presented that would require our interference.

The judgment is affirmed.